# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>JUAN RAMIREZ LARA<br>a/k/a George Vallin<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)<br>)      6:19-mj- *1208*<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 26, 2019__ in the county of __Seminole__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after removal |

This criminal complaint is based on these facts:

See the attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Justin Demoura, Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/26/19

_____
*Judge's signature*

City and state: Orlando, FL

The Hon. Gregory J. Kelly, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA

COUNTY OF ORANGE

CASE NO. 6:19-mj-*1208*

## AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Justin M. DeMoura, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security, United States Immigration and Customs Enforcement (DHS/ICE), and have been employed with DHS/ICE for 11 years. I am currently assigned to the Criminal Alien Program with Enforcement Removal Operations (ERO), Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation and information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On March 24, 2019, DHS/ICE encountered Juan RAMIREZ LARA, a/k/a George Vallin, at the Seminole County Jail in Sanford, Florida. On said date, the Sanford Police Department arrested RAMIREZ LARA for driving under the influence of alcohol. ICE confirmed RAMIREZ LARA's identity and initiated an investigation for a possible violation of 8 U.S.C. § 1326.

4. A review of various databases and ICE records revealed that RAMIREZ LARA has an Alien File (Axxx xxx 849). He was born on xx/xx/1973, in La Paseo Grande, Guanajuato, Mexico, and is a citizen of Mexico. RAMIREZ LARA was ordered deported from the United States to Mexico by an Immigration Judge on May 2, 2000, and he was first physically removed from the United States to Mexico on May 5, 2000.

5. On March 2, 2010, RAMIREZ LARA was served a Reinstatement of Prior Order of Removal (Form I-871). He was physically removed from the United States to Mexico on March 19, 2010. On April 8, 2010, RAMIREZ LARA was again served a Reinstatement of Prior Order of Removal (Form I-871) and physically removed from the United States to Mexico on October 13, 2010. On November 26, 2013, RAMIREZ LARA was served another Reinstatement of Prior Order of Removal (Form I-871) and was physically removed from the United States to Mexico on March 19, 2013.

6.      Following his most recent removal, RAMIREZ LARA never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

7.      On March 25, 2019, ICE officers collected a set of fingerprints taken from RAMIREZ LARA at the Seminole County Jail by the Seminole County Sheriff's Office. ICE submitted those fingerprints electronically into the Integrated Automated Fingerprint Identification System ("IAFIS") for comparison. The fingerprints were analyzed and found to match those in RAMIREZ LARA's Alien File and unique assigned FBI number.

8.      On March 25, 2019 I submitted the following sets of fingerprints for comparison: a set of fingerprints taken from RAMIREZ LARA at the Seminole County Jail on March 24, 2019; a set of fingerprints taken from RAMIREZ LARA on November 26, 2013, in Atlanta, Georgia; a set of fingerprints taken from RAMIREZ LARA on April 8, 2010, in Falfurrias, Texas; a set of fingerprints taken from RAMIREZ LARA on March 2, 2010, in St. Louis, Missouri; a set of fingerprints taken from RAMIREZ LARA on an unknown date (presumably April 3, 2000) in St. Louis, Missouri; a fingerprint from the Form I-205 (Warrant of Removal/Deportation) dated October 13, 2010; and a fingerprint from the I-205 (Warrant of

Removal/Deportation) dated March 12, 2010. All the above noted fingerprints were analyzed and found to be identical, matching RAMIREZ LARA and his unique assigned FBI number.

9. A review of criminal databases determined that RAMIREZ LARA has the following criminal convictions: January 25, 1995, driving under the influence of alcohol in violation of Georgia law; October 6, 1995, driving under the influence of alcohol in violation of Georgia law; June 1, 1999, third degree assault in violation of Missouri law; and September 3, 2010, illegal reentry following deportation.

10. Based on the foregoing, I submit that there is probable cause to believe that RAMIREZ LARA has been found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(1).

11. This concludes my affidavit.

_____
Justin Demoura
Deportation Officer
Immigration & Customs Enforcement


Subscribed and sworn to before me
This 26 day of March, 2019.

_____
The Honorable Gregory J. Kelly
United States Magistrate Judge

5